UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE CO. OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:16-CV-01306 (CEJ) ) |
| MARY ANN HERZOG, et al. | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Mary Ann Herzog for summary judgment and plaintiff's motion for interpleader relief. The issues are fully briefed.

### I. Background

On September 15, 1960, Kenneth J. Arnold purchased a life insurance policy from plaintiff. Six years later, in December 1966, Arnold married defendant Mary Ann Herzog. Arnold named defendant Herzog as the Class 1 beneficiary of the Policy on February 8, 1967. He designated the children born of his marriage to Herzog – defendants Jennifer Carpenter, William Arnold, and Richard Arnold – as Class 2 beneficiaries of the policy. In September 2003, Arnold and Herzog entered into a Marital Settlement and Separation Agreement. The couple was divorced on September 25, 2003. In 2009, Arnold changed his name and requested that the policy be re-issued in his new name, Karen J. Arnold. Arnold did not change the beneficiary designations. Arnold died on April 28, 2014.

Plaintiff filed this interpleader action pursuant to 28 U.S.C. § 1335 to resolve potential competing claims between the Class 1 and Class 2 beneficiaries of the

Policy. Herzog responded to the complaint, but the Class 2 beneficiaries did not. Accordingly, the Court entered default against the Class 2 beneficiaries pursuant to Federal Rule of Civil Procedure 55(a). On February 21, 2017, plaintiff deposited $12,706.00, the insurance policy proceeds, into the registry of the Court.

In her motion for summary judgment, Herzog argues that she is entitled to judgment as a matter of law as the Class 1 beneficiary. Plaintiff does not dispute Herzog's claim to the proceeds of the policy. In its motion, plaintiff asks that it be relieved from any further liability relating to the policy now that it has deposited the funds into the registry. Alternatively, plaintiff asks that default judgment be entered against the Class 2 beneficiaries and that plaintiff be ordered to pay the funds to Herzog.

**II. Legal Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment a court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings

2

but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *United of Omaha Life Ins. Co. v. Honea*, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. Discussion

### **Plaintiff's Motion for Interpleader Relief**

In an interpleader action brought pursuant to 28 U.S.C. § 1335, the district court must first determine whether the requirements of the statute have been met and whether the stakeholder may be relieved from liability. During this first step, the court "determines whether the prerequisites to rule or statutory interpleader have been met by examining such things as the citizenship of the litigants, the merits of the asserted threat of multiple vexation, and, if interpleader is sought under the statute, the sufficiency of the stakeholder's deposit or bond . . ." *Vanderlinden v. Metro. Life Ins. Co.*, 137 F. Supp. 2d 1160, 1164 (D. Neb. 2001). If these requirements are met, the court may dismiss the disinterested stakeholder from the interpleader action, leaving the claimants to prosecute their conflicting claims. *Id.* Notably, the merits of the claims do not foreclose interpleader relief. *See Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 556 (8th Cir. 1940). After completing the first step, the court may then proceed to adjudicate the adverse

claims to the interpleaded money or property. *See NYLife Distrib. Inc. v. Adherence Group, Inc.*, 72 F.3d 371, 375 (3d Cir. 1995).

The interpleader statute requires that the value of the money or property in the plaintiff's possession be in an amount of $500.00 or more and that there be at least two adverse claimants of diverse citizenship asserting claims to the money or property. *28 U.S.C. § 1335(a)(1)*. In the instant case, the requirements of the statute have been met. The record shows that there are potentially competing claims by minimally diverse parties on a single obligation.[1] *See id.* (reasoning that "a stakeholder, acting in good faith, may maintain a suit in interpleader for the purpose of ridding himself of the vexation and expenses of resisting adverse claims, even though he believes that only one of them is meritorious"). The relevant parties have "not admitted that no such liability exists." *Dakota Livestock Co. v. Keim*, 552 F.2d 1302, 1308 (8th Cir. 1977). Indeed, the evidence shows that Herzog's beneficiary status has been contested by defendants Jennifer Carpenter and William Arnold. [Doc. # 22 ¶ 8; Doc. #22-5]. Also, plaintiff disclaims any interest in the policy's funds, and is therefore a disinterested stakeholder. And finally, the value of the disputed property exceeds $500.00. *See Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976) (stating that "[t]he subject matter of an interpleader action is defined by the fund deposited by the stakeholder.")

Accordingly, an interpleader action is appropriate here, and plaintiff's motion will be granted.

---

[1] § 1335 is a "special brand of diversity jurisdiction." *Whirlpool Corp. v. Ritter*, 929 F.2d 1318, 1320–21 (8th Cir. 1991). § 1335 requires only "minimal" diversity, or diversity between two or more adverse parties, rather than complete diversity. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

**<u>Defendant Herzog's Motion for Summary Judgment</u>**

In this diversity action, the Court is bound by the decisions of the Missouri Supreme Court regarding issues of substantive state law. *Owners Ins. Co. v. Hughes*, 712 F.3d 392, 393 (8th Cir. 2013). Decisions by the Missouri Court of Appeals may be used as "an indication of how the Missouri Supreme Court may rule," but the Court is "not bound to follow these decisions." *Id.*

In construing the terms of an insurance policy, Missouri courts apply "the meaning an ordinary person of average understanding would attach if purchasing insurance, and resolve[] ambiguities in favor of the insured." *Dutton v. Am. Family Mut. Ins. Co.*, 454 S.W.3d 319, 322 (Mo. 2015). But, "[i]f the policy's language is unambiguous, it must be enforced as written." *Floyd-Tunnell v. Shelter Mut. Ins. Co.*, 439 S.W.3d 215, 217 (Mo. 2014). In this case, the Section I Beneficiary Schedule states:

> Class 1: Mary Ann Arnold Wife
>
> Class 2: Children born of the marriage of the insured and said wife.
>
> Except as may be otherwise provided in Section II, a Beneficiary designated in this Beneficiary Schedule shall be entitled to payment or settlement if he or she is living when such payment or settlement is due and if there is not then living a Beneficiary designated in a prior class. Payment to any Beneficiary shall be made in one sum except as may be otherwise indicated in Section II or Section III. Two or more Beneficiaries in the same priority class shall be entitled to receive payment in separate equal shares. If no Beneficiary is living at the death of the Insured, the proceeds shall be payable in one sum to the Insured's estate. . .

[Doc. #22-2 at 2].

Moreover, the Beneficiary Provision provides as follows:

> **BENEFICIARY PROVISION**
> The proceeds becoming payable under the terms of this Policy by reason of the death of the Insured shall be settled in accordance with and subject to the provisions, including the printed General Provisions, of this rider.
> **BENEFICIARY SCHEDULE**
> Beneficiaries in Order of Priority:
> Class 1: Mary Ann Arnold, wife.
> Class 2: Children born of the marriage of the Insured and said wife.

[*Id.* at 4].

The above-quoted excerpts are unambiguous. The clear language of the agreement dictates that Herzog, as a living, Class 1 beneficiary, is entitled to receive the proceeds of the Policy. Accordingly, the Court will now examine how Missouri law treats the effect of marriage dissolution on beneficiary status. The Court will interpret the statutory provisions to ascertain "the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning." *Lonergan v. May*, 53 S.W.3d 122, 126 (Mo. Ct. App. 2001).

The general provision pertaining to the effect of divorce on non-probate transfers is Missouri Revised Statute § 461.051:

> 1. If, after an owner makes a beneficiary designation, the owner's marriage is dissolved or annulled, any provision of the beneficiary designation in favor of the owner's former spouse or a relative of the owner's former spouse is revoked on the date the marriage is dissolved or annulled, whether or not the beneficiary designation refers to marital status. The beneficiary designation shall be given effect as if the former spouse or relative of the former spouse had disclaimed the revoked provision.
> 2. Subsection 1 of this section does not apply to a provision of a beneficiary designation that has been made irrevocable, or revocable only with the spouse's consent, or that is made after the marriage was

> dissolved, or that expressly states that marriage dissolution shall not affect the designation of a spouse or relative of a spouse as beneficiary.
> 3. Any provision of a beneficiary designation revoked solely by this section is revived by the owner's remarriage to the former spouse or by a nullification of the marriage dissolution or annulment.
> 4. In this section, **"a relative of the owner's former spouse"** means an individual who is related to the owner's former spouse by blood, adoption or affinity and who, after the divorce or annulment, is not related to the owner by blood, adoption or affinity.

Mo. Rev. Stat. § 461.051 (emphasis in original).

In 2001, the Missouri legislature enacted Mo. Rev. Stat. § 461.073, which provides, in relevant part:

> 6. Sections 461.003 to 461.045, **461.051** and 461.059 to 461.081 **do not apply** to property, money or **benefits paid or transferred at death pursuant to a life or accidental death insurance policy**, annuity, contract, plan or other product sold or issued by a life insurance company unless the provisions of sections 461.003 to 461.081 are incorporated into the policy or beneficiary designation in whole or in part by express reference.

Mo. Rev. Stat. § 461.073(6) (emphasis added).

At issue in this case is whether § 461.051 precludes payment to Herzog and whether the marriage settlement agreement revokes defendant Herzog's beneficiary designation.

Although Missouri law once provided for the revocation of beneficiary status upon the dissolution of a marriage, an exception was created later for life insurance policies. *See* Mo. Rev. Stat. §§ 461.051, 461.073(6); *see United Inv'r Life v. Wilson*, 191 S.W.3d 76 (Mo. Ct. App. 2006); *Ohio Nat'l Life Assurance Corp. v. Allen*, No. 4:09-CV-1638 (CDP), 2011 WL 250995, at *2 (E.D. Mo. Jan. 25, 2011).

Accordingly, "divorce alone is not enough to revoke a beneficiary designation on a life insurance policy in Missouri." *Ohio Nat'l Life*, 2011 WL 250995 at *2.

As to the second issue, the relevant section of the marriage settlement agreement reads as follows:

> A. Husband shall have and receive as his sole and exclusive property the following: . . .
>
> [a]ll of Husband's right, title and interest in and to all life insurance policies with respect to which he is the insured, including cash values and loan balances.

[Doc. #22-3 at 3–4].

Settlement agreements in Missouri are interpreted in the same respect as contracts and follow Missouri rules on contract construction. *Press Mach. Corp. v. Smith R.P.M. Corp.*, 727 F.2d 781, 784 (8th Cir. 1984). Furthermore, "the primary rule of construction is that the parties' intention shall govern." *Wheeler v. McDonnell Douglas Corp.*, 999 S.W.2d 279, 285 (Mo. Ct. App. 1999) (citing *Andes v. Albano*, 853 S.W.2d 936, 941 (Mo. 1993) (en banc)). A court "will give language which is plain and unambiguous on its face full effect within the context of the agreement as a whole." *Id.*

The above-quoted provision of the settlement agreement is unambiguous; it does not make any adjustment to beneficiaries in Arnold's life insurance policy. "The language of any such provision in a dissolution decree, while not required to include the term 'beneficiary,' nevertheless must be sufficiently specific to convey the intent of the parties to divest one or the other, or both, of a beneficiary interest." *Hill v. AT&T Corp.*, 125 F.3d 646 (8th Cir. 1997). Accordingly, based on this language, it appears that Arnold did not intend to divest defendant Herzog of

her beneficiary interest. The Court finds there is no dispute of material facts and as a matter of law defendant Herzog is entitled to judgment.[2]

\*\*\*

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Mary Ann Herzog for summary judgment [Doc. #16] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion for interpleader relief [Doc. #21] is **granted**.

A separate judgment will accompany this Memorandum and Order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2017.

---

[2] Because the Court grants defendant's motion for summary judgment, as well as plaintiff's request for interpleader relief, plaintiff's alternative request to enter default judgment against defendants Jennifer Carpenter, William Arnold, and Richard Arnold is moot.